30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky L. STRICKLAND, Plaintiff-Appellant,
v.
R. Michael CODY; Michael D. Parsons; Larry Fields; Susan
Gilbert; Paul Bettis, Twyla Snider, Defendants-Appellees.
 No. 94-6081.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Strickland, appearing pro se, appeals from the dismissal without prejudice of his civil rights action, 42 U.S.C.1983, for declaratory, injunctive and monetary relief against Oklahoma Department of Corrections personnel. He was denied a religious exemption to the Inmate Grooming Code, D.O.C. Policy OP-090126 (Oct. 8, 1992), I R. doc. 19, attach. B. The committee reviewing his request apparently determined that his belief was not religious in nature. Id. III(B) & (C). The committee's determination was upheld on administrative appeal.
 
 
 2
 The district court raised the issue of mootness sua sponte apparently having learned from sources not in the record that the Department was rescinding the Grooming Code on January 1, 1994. I R. doc. 34. The district court sought a response only from the Plaintiff. Id. Plaintiff responded that as of January 13, 1994 the policy had not been rescinded; that rescission would not render his claim moot; and that, in any event, his claim for damages would not be moot. I R. doc. 37. The district court dismissed the action as moot. I R. doc. 38 (D. Ct. Order Feb. 16, 1994).
 
 
 3
 The Defendants' brief on appeal tells the following. On November 10, 1993, the Department issued a memorandum indicating that a new policy was being adopted "which will emphasize safety and health of the inmate population." Aplees. Br., ex. A. "Inmate exemption applications now in progress will be placed on indefinite hold for the time being." Id. Subsequently, the Inmate Grooming Code was amended to replace the specific standards governing hair length, in favor of a policy requiring that hair styles "not conflict with security, sanitation, safety of health requirements of the department," and be in compliance with "conventional community standards." See Aplees. Br. ex. B, D.O.C Policy OP-090126 (Feb. 9, 1994).
 
 
 4
 On appeal, Mr. Strickland contends that the district court erred in (1) allowing the state attorney general's office to represent the Defendants, and (2) dismissing the case as moot and not granting relief based on religious grounds, despite the change in policy. We reject the first claim summarily. See Okla. Stat. Ann. tit. 74, 20f (Supp.1994). Mr. Strickland also argues that the case is not moot because the voluntary cessation of illegal conduct does not make a case moot, unless the defendants can establish no reasonable expectation that the wrong will recur. United States v. W.T. Grant Co., 345 U.S. 629, 632-33 (1953); Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir.1992). He relies upon this court's decision in Longstreth v. Maynard, 961 F.2d 895 (10th Cir.1992), where we declined to find that the Department's reinstituting its exemption procedure mooted the case, noting that the plaintiffs had been denied exemptions under an older policy and that the Department's policy varied considerably. Id. at 900.
 
 
 5
 We do not decide moot cases. See Church of Scientology v. United States, 113 S.Ct. 447 (1992). Defendants contend that the case is moot because "[t]here is no reasonable expectation that Appellant will be again subjected to the grooming policy and its religious exemption process." Aplees. Br. at 4. Given our prior opinions on this subject, Longstreth, 961 F.2d at 900-01; Mosier v. Maynard, 937 F.2d 1521, 1527 (10th Cir.1991), and the lack of evidence in the record concerning the new policy, we are not satisfied that the Defendants have met their burden concerning mootness. We recognize that the district court did not have the benefit of a response from Defendants in making its decision. We therefore remand for additional proceedings and findings. As the district court did not decide the issue of immunity, we do not reach it either.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument