81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky L. STRICKLAND, Plaintiff-Appellant,
v.
R. Michael CODY, Michael Parsons, Larry A. Fields, Susan
Gilbert, Paul Bettis, Twyla Snider, Defendants-Appellees.
 No. 95-6246.
 United States Court of Appeals, Tenth Circuit.
 April 4, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and SETH,[2] Circuit Judges, and BRIMMER,*** District Judge.
 
 
 2
 BRIMMER, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P . 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff Ricky Strickland appeals from a judgment dismissing his 42 U.S.C.1983 action for declaratory, injunctive, and monetary relief. We affirm.
 
 
 5
 Plaintiff was incarcerated in the Oklahoma Department of Corrections (D.O.C.). The D.O.C. had a grooming code that required male inmates to keep their hair short. However, the grooming code provided a procedure whereby inmates could request an exemption on religious grounds.
 
 
 6
 Plaintiff applied for an exemption, claiming that cutting his hair was contrary to his religious beliefs. The exemption committee denied his request on the ground that his beliefs about cutting his hair were based on secular rather than religious grounds.
 
 
 7
 Plaintiff challenged the grooming code and the denial of the exemption as violative of his constitutional rights to freedom of religion and equal protection. He later amended his complaint to add claims for libel and slander. The district court dismissed the action as moot because the D.O.C. had rescinded the grooming code.
 
 
 8
 Plaintiff appealed. In Strickland v. Cody, No. 94-6081, 1994 WL 408166, at * * 1 (10th Cir. Aug. 3, 1994), we held that defendants had not met their burden of showing there was no reasonable expectation plaintiff would again be subjected to the grooming code and its religious exemption process, and reversed and remanded for additional proceedings and findings.
 
 
 9
 On remand, defendants moved for summary judgment, asserting that the D.O.C. had rescinded the grooming code sometime after November 10, 1993, and replaced it with a personal hygiene and appearance code. The new code does not require that inmates keep their hair any specific length, only that "male hair styles and appearances, including facial hair, ... not conflict with security, sanitation, safety, or health requirements of the department." R. Vol. I, doc. 44, ex. B at 2.
 
 
 10
 Plaintiff was transferred to another institution on November 8, 1994. He claimed defendants confiscated various legal materials that he needed to respond to their motion, particularly his copy of their motion. The district court ordered defendants to hand deliver certain documents to plaintiff, including defendants' motion. Defendants did so. Plaintiff signed an affidavit acknowledging receipt of the documents.
 
 
 11
 The district court granted defendants' motion for summary judgment. It concluded plaintiff's request for injunctive relief was moot because defendants provided sufficient evidence that plaintiff would not likely suffer from the same violations of his constitutional rights.[3]
 
 
 12
 On appeal, plaintiff contends the district court erred in not ordering defendants to return all of the legal materials taken from him. However, plaintiff signed an affidavit stating he received various documents, including defendants' summary judgment motion. He has not shown that he was deprived of any other legal documents that affected his ability to proceed in this case. Therefore, he is not entitled to relief on this argument.
 
 
 13
 Plaintiff also argues the case is not moot because the D.O.C. has a history of changing its grooming code at any time, nothing prevents it from doing so again, and the current hygiene code is too vague to protect his rights. We review the district court's determination of mootness for abuse of discretion. See Committee for First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir.1992).
 
 
 14
 The voluntary cessation of allegedly illegal conduct does not moot a case unless "it could be said with assurance that there is no reasonable expectation that the wrong would be repeated." Longstreth v. Maynard, 961 F.2d 895, 900 (10th Cir.1992), cert. denied, 114 S.Ct. 260 (1993). The district court determined it was not likely plaintiff would suffer the same alleged violations of his constitutional rights because the D.O.C. recognized enforcement of the grooming code would violate the Religious Freedom Restoration Act of 1993, 42 U.S.C.2000bb-2000bb-4. The court noted the D.O.C. found no security reasons outweighed the prisoners' rights to religious freedom. Additionally, the court concluded plaintiff had submitted no facts supporting his fear that he would be forced to cut his hair under the new code.
 
 
 15
 We have carefully reviewed the record and the parties' briefs, and conclude the district court's judgment should be affirmed for substantially the same reasons set forth in its June 16, 1995 order. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Judge Seth died March 27, 1996. However, he had fully considered the matter and voted prior to his death
 
 
 ***
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [3]
 The court also held that defendants were entitled to qualified immunity on plaintiff's damages claim, that defendants were protected by sovereign immunity from plaintiff's claims for libel and slander, and that the claims against defendants in their official capacities were barred by the Eleventh Amendment. Plaintiff has not challenged these aspects of the district court's ruling